**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **BEKEE C. NWAKANMA, Ed.D.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:10-cv-1128** |
| | § | |
| **KAREN NOVELLI, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND ORDER**

Pending before this Court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. No. 50). Defendants move to dismiss Plaintiff's claims under 42 U.S.C. § 1981 ("Section 1981") and his request for punitive damages against the Texas Department of Criminal Justice ("TDCJ"). Defendants also seek to dismiss portions of Plaintiff's claims under 42 U.S.C. § 2000e-2 *et seq.* ("Title VII") and 42 U.S.C. Section 1983 ("Section 1983"). As Plaintiff has voluntarily dismissed his claims under Section 1981 and his request for punitive damages, the Court need only consider Defendants' motion insofar as it seeks to dismiss portions of Plaintiff's claims under Title VII and Section 1983.

## I. BACKGROUND

Bekee Nwakanma ("Plaintiff" or "Nwakanma") sues Defendant TDCJ for unlawful discrimination and retaliation in violation of Title VII. Plaintiff sues Lisa Howard and Bobby Lumpkin for unlawful discrimination and retaliation under Section 1983. Plaintiff alleges that Defendants discriminated against him based upon his race (black), his color, his national origin, and his religion (Seventh Day Adventist), and that

they retaliated against him for making complaints of discrimination. Both causes of action arise from the same set of facts.[1]

Before he was forced into retirement in 2011 (Pl. Am. Compl. ¶ 8), Nwakanma had worked for the TDCJ for twenty (20) years. During this time, Nwakanma pursued and attained additional degrees. (*Id.* ¶ 9.) Despite his education and experience, Nwakanma never received a promotion in his 20 years with TDCJ. (*Id.*) While Nwakanma's career idled, other employees with lesser experience and fewer degrees—and who are neither black nor Seventh Day Adventists—were promoted ahead of him. (*Id.*) In one instance, Nwakanma was passed over for someone two experience levels below him. (*Id.* ¶ 10.) In other instances, he was passed over for individuals who did not even apply for the positions in question. (*Id.* ¶ 10.) Though never promoted, Nwakanma was charged with handling responsibilities traditionally handled by those in the advanced positions to which Nwakanma sought, and was denied, promotions.

Defendants also failed to give Nwakanma performance evaluations in 2007 and 2008, despite the fact that every other employee in his department was given such evaluations. (*Id.* ¶ 11.) Plaintiff believes that the TDCJ's failure to evaluate him was intentional, and was part of an effort to hinder his ability to be considered for a promotion. (*Id.*)

Nwakanma's religion, Seventh Day Adventism, does not allow him to work on Saturday. (*Id.* ¶ 13.) Despite the TDCJ's awareness of his religious conflict, Nwakanma was required to work on multiple Saturdays. (*Id.* ¶ 13.) Nwakanma also alleges that,

---

[1] In considering a Rule 12(b)(6) motion to dismiss, the Court accepts the factual allegations in a plaintiff's complaint as true. *Frame v. City of Arlington*, 575 F.3d 432, 433-34 (5th Cir. 2009). For the purposes of this Memorandum and Order, the Court pulls relevant facts from Plaintiff's Second Amended Complaint ("Pl. Am. Compl.") (Doc. No. 42).

throughout his employment with the TDCJ, he was belittled, treated with continuing disrespect, excluded from meetings and activities, and insulted because of his accent and his religious practices. (*Id.* ¶ 17.)

Finally, Nwakanma alleges that he complained of discrimination and was retaliated against for making such complaints. Defendants Lumpkin and Howard, who were aware of his complaints of discrimination, placed Nwakanma on probation in November, 2007. (*Id.* ¶ 14.) Nwakanma's forced retirement, which he also alleges was retaliatory, is the subject of a pending EEOC charge. He intends to add claims for retaliation on the basis of his forced retirement as soon as he receives a "Right to Sue" letter from the EEOC.

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations,

but go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 129 S. Ct. at 1950, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). The court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. ANALYSIS

Plaintiff asserts claims under Title VII and Section 1983 based upon discrimination, hostile work environment, and retaliation. Defendants seek to dismiss Plaintiff's discrimination and hostile work environment claims to the extent that they are based upon events that are not exhausted under Title VII or that took place outside of the applicable statute of limitations under Section 1983.

### A. Title VII Claims

As to Plaintiff's Title VII claims, Defendants ask the Court to dismiss allegations that took place more than 300 days prior to Plaintiff's filing of a charge with the EEOC on March 15, 2008.[2] Title VII filing deadlines are akin to statutes of limitation, and dismissal under Rule 12(b)(6) is appropriate "where it is evident from the plaintiff's

[2] In states such as Texas that have an administrative agency with the authority to address complaints of employment discrimination, the relevant time period for considering administrative exhaustion under 42 U.S.C. § 2000e-5(e)(1) is 300 days. *See Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

In his response to Defendants' Motion to Dismiss, Plaintiff asserts that his discrimination and hostile work environment claims are appropriate for adjudication under a "continuing violation" theory. (Doc. No. 51.) The continuing violation doctrine allows a plaintiff to pursue claims for events taking place outside of the actionable period if the plaintiff can show "an organized scheme leading to and including a present violation, such that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action." *Huckabay v. Moore*, 142 F.3d 233, 239 (5th Cir. 1998) (citations omitted). In *National Railroad Passenger Corp. v. Morgan*, the Supreme Court considered the continuing violation doctrine, and concluded, in line with Fifth Circuit precedent,[3] that Title VII plaintiffs may not raise claims based on "discrete acts of discrimination" taking place outside of the statutory period. 536 U.S. 101, 102-03 (2002). On the other hand, hostile work environment claims are not time barred so long as all acts constituting such claims are part of the same unlawful practice, and at least one act falls within the filing period. *Id.* at 103-04.

**1. Discrimination**

In light of the Supreme Court's holding in *Morgan*, the question with regard to Plaintiff's discrimination claims is whether the allegations are instances of discrete discrimination, barred to the extent that they precede Plaintiff's EEOC charge by more than 300 days, or whether they represent a continuing violation. In determining whether a

[3] The Fifth Circuit has noted that the Supreme Court's decision in *Morgan* did not change the law in the Fifth Circuit with respect to discrete acts. *Celestine v. Petroleos De Venezuela SA*, 108 F. App'x 180, 186 n. 8 (5th Cir. 2004).

continuing violation exists, the Fifth Circuit has identified at least three factors that may be considered: (1) whether the alleged acts involve the same type of discrimination, tending to connect them in a continuing violation; (2) whether the alleged acts recur, or whether they are more in the nature of an isolated work assignment or incident; and (3) whether the act has the degree of permanence which should trigger an employee's awareness of and duty to assert his or her rights. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 352 (5th Cir. 2001) (citing *Huckabay*, 142 F.3d at 239).

Plaintiff's discrimination claim is based upon (1) Defendants' failure to promote him throughout his 20 year career at TDCJ, and (2) Defendants' failure to give him performance evaluations in 2007 and 2008. "[A] one-time employment event, including the failure to hire, promote, or train and dism[iss]als or demotions, is 'the sort of discrete and salient event that should put the employee on notice that a cause of action has accrued."' *Celestine*, 266 F.3d at 352 (quoting *Huckabay*, 142 F.3d at 240). In most cases, then, claims based on a failure to promote are properly considered discrete acts of discrimination to which the continuing violation doctrine does not apply. However, this categorization is inapposite in cases where it is not a singular failure to promote, but the cumulative effect of a number of such failures, that puts a plaintiff on notice that a cause of action exists. In such a case, each individual failure to promote would not be a discrete act of discrimination; rather, the series of failures to promote would be considered a continuing violation. The question is whether such a situation is present in this case. The Court interprets Plaintiff's Complaint—which seems not focus not on the individual failures to promote, but on the fact that Plaintiff was never promoted in 20 years at TDCJ—to allege just such a situation.

Though some of Plaintiff's claims falling outside of the 300 day period may therefore proceed, others—those based on *discrete acts of discrimination* outside of the 300 day period—may not. The parties have informed the Court that Plaintiff brought claims of discrimination against these Defendants in previous lawsuits. Any allegedly discriminatory act on which Plaintiff has already brought suit may not form the basis of Plaintiff's discrimination claim in this case, since any act for which he brought a claim in the past is an act about which he was on notice that a cause of action had accrued, and is therefore a discrete act of discrimination. Thus, to the extent that Plaintiff's past lawsuit(s) addressed claims for failures to promote, those claims are discrete instances of discrimination, and may not be brought in this case. *Cf. Merriman v. Potter*, 251 F. App'x 960, 965 (5th Cir. 2007) (finding that the plaintiff's continuing violation argument was weakened by the fact that she made multiple prior complaints to supervisors about the alleged harassment).

In addition to alleging a failure to promote, Nwakanma also alleges that Defendants failed to give him performance evaluations in 2007 and 2008. The question, again, is whether Defendants' alleged failures to give performance evaluations were discrete acts of discrimination, or whether they were one, continuing violation. If the performance evaluations should have come at regular intervals, and failure to receive one such evaluation would have put an employee on notice that a cause of action had accrued, then failure give an evaluation would be a discrete act. On the other hand, if evaluations were not anticipated at regular intervals, and it was only after failing to receive evaluations for two years that Plaintiff realized that a cause of action existed, then failure to give performance evaluations could be considered a continuing violation. At this stage,

Plaintiff has pled sufficient facts to overcome Defendants' Motion to Dismiss; however, evidence that Plaintiff was on notice of specific failures to evaluate him may be addressed at the summary judgment stage.

Thus, as to Plaintiff's Title VII discrimination claims, the Court concludes that Defendants' failures to promote and to give performance evaluations were continuing violations insofar as they were part of an organized scheme, the cumulative effect of which was a discriminatory practice. These claims may proceed to the extent that (1) they were not the subject of an earlier lawsuit by Nwakanma against these Defendants; and (2) the final event putting Plaintiff on notice and giving rise to the cause of action took place within the 300 day statutory period. The Court directs Plaintiff to file an amended complaint alleging only those violations that are consistent with this holding.

**2. Hostile Work Environment**

Because hostile work environment claims, by their very nature, involve repeated conduct, the unlawful employment practice giving rise to a Title VII claim cannot be said to occur on any particular day. Rather, practices creating a hostile work environment occur "over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Morgan*, 536 U.S. at 103 (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)). Determining whether an actionable hostile work environment claim exists requires an examination of all the circumstances, including the frequency and severity of the discriminatory conduct, whether the conduct is physically threatening or humiliating, and whether the conduct unreasonably interferes with an employee's work performance. *Harris*, 510 U.S. at 23.

In their Motion to Dismiss, Defendants do not dispute that the facts alleged, if they are within the relevant statutory period, are sufficient to allege a hostile work environment. The Court therefore determines that Plaintiff's hostile work environment claims may proceed. However, as Plaintiff has brought lawsuits against these Defendants in the past, the Court will only consider allegations related to events taking place after Plaintiff's most recent lawsuit. Events before the filing of that lawsuit may not comprise Plaintiff's hostile work environment claim. Plaintiff is instructed to include in his amended complaint only those claims which have not yet been raised in a previous lawsuit.

**B. Section 1983 Claims**

The analysis of Plaintiff's Section 1983 claims differs little from the Title VII analysis. Defendants ask the Court to dismiss allegations based upon events which took place outside of the statute of limitations applicable to Section 1983 claims. Because there is no federal statute of limitations governing Section 1983 claims, federal courts look to the law of the state in which the action arose to determine the appropriate limitations period, usually borrowing the state's general personal injury statute of limitations. *See Hardin v. Straub*, 490 U.S. 536, 538 (1989). In Texas, "the applicable statute provides that claims must be brought 'not later than two years after the day the cause of action accrues.' " *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2005)).

Plaintiff filed his original complaint on April 7, 2010; the statute of limitations for his Section 1983 claims began to run two years prior, on April 7, 2008. Thus, in this case, all allegedly wrongful acts occurring before April 7, 2008 are time-barred unless they are

part of a continuing violation or are based on a hostile environment theory, as discussed above. *See Rodriguez v. Gonzalez*, 2006 WL 2844185, at *1 (S.D. Tex. Oct. 2, 2006) (citing *Morgan*, 536 U.S. at 115-18) (noting that the rationale applied in the context of Title VII filing deadlines applies to Section 1983's statute of limitations for hostile work environment claims). Thus, those of Plaintiff's claims that may proceed under Title VII are likewise appropriate under Section 1983. The only difference is that Plaintiff's Section 1983 claims may date back to April 7, 2008, whereas his Title VII claims may date back to July 20, 2007.

## IV. CONCLUSION

Defendants' Motion to Dismiss (Doc. No. 7) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is instructed to file an amended complaint within twenty (20) days that is consistent with this Memorandum and Order.

**IT IS SO ORDERED**.

**SIGNED** this the 18th day of October, 2011.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE